## Lyons v. Kresge

*Clement E. Kisailus*, for appellant.
*Robert J. Kunec*, for supervisors.
*Jerome L. Cohen*, for auditors.

BIGELOW, J., March 8, 1974.—The "Right to Know" statute, Act of June 21, 1957, P. L. 390, 65 PS §66.1, et seq., clearly and unequivocally states the legal right of a citizen to inspect and copy or extract public records, and, as germane to this proceeding in section 1 defines an agency as including a political subdivision, in section 2 includes the minute books thereof as public records; in section 2 requires that every public record shall at reasonable times be open for examination and inspection by any citizen of the Commonwealth; in section 3 grants the right to any such citizen to copy or make extracts of said public records "while . . . in the possession, custody and control of the lawful custodian thereof or his authorized deputy" and authorizes the said lawful custodian "to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats;" and in section 4 thereof allows an appeal from the denial of these rights by a political subdivision to the court of common pleas which shall enter an appropriate order for disclosure if it finds that such denial was not for just and proper cause. The present litigation is an appeal by Jane Lyons, a citizen and resident of Buck Township from the averred denial of her right to inspect the Buck Township Board of Supervisors' minute books for the years 1972, 1973 and 1974 by the chairman of the board of supervisors, William Shaffer and one of the township auditors, Russell Kresge.

The board of township supervisors is specifically charged by The Second Class Township Code with the

duty of keeping minutes of its proceedings, with opening these books for inspection by any elector or taxpayer at all reasonable times and with the submission of these books to the township auditors when they meet to audit the accounts of the township officers: Act of February 2, 1966, P. L. (1965) 1887, 53 PS §65513. See also Act of July 29, 1971, P. L. 255 (No. 62), 53 PS §65545. The township secretary is an appointive officer (53 PS §65511), and is the clerk to the board of supervisors and, as such, is charged with keeping "a record of the proceedings of said officers in a minute book," it being further provided by the code that "the minute book . . . shall be carefully preserved by the secretary and shall be turned over to his successor in office."

As of February 22, 1974, the date of this appeal hearing, there was some question whether the appointed secretary-treasurer had taken the oath of office. The code mandates that the supervisors keep minutes of their proceedings, and the minutes should be kept by the secretary: Litchfield Township Supervisors, 65 D. & C. 108. The general supervision of the affairs of the township is vested in the board of supervisors: Act of March 28, 1963, P. L. 10, 53 PS §65510.

From the above recital of germane principles, it is clear that the primary responsibility for keeping minutes of the supervisors' proceedings and opening these minute books for public inspection is with the supervisors and not with the secretary or the auditor, the former being an appointee of the supervisors to serve as the clerk to the supervisors and not charged with any statutory duty to open these books to public inspection and the latter being statutorily charged with auditing, settling and adjusting the accounts of certain township officers and employes, including those of the supervisors.

Thus, this court concludes that it is the duty of the supervisors to comply with the Act of 1957, supra, and to make the township minutes available for inspection and copying or abstracting to a taxpayer at reasonable times while these records are in the custody and control of the supervisors or any one of them or of their clerk, the township secretary. Further, as the auditor is not the official custodian of these records but has possession of them for the limited and temporary purpose of auditing, settling and adjusting the several accounts of the township officers and employes, the auditors or any of them are not by statute or otherwise charged with compliance with the Act of 1957 or with the duties of the supervisors with respect to these minute books.

The testimony before the court on this appeal indicates that the chairman of the board of supervisors denied Jane Lyons, a citizen of Buck Township, access to the minute books except after the audit was completed and at the regular monthly meetings. The court concludes that restricting inspection to the regular monthly meetings of the supervisors is an unreasonable exercise of authority. Section 902 of the code, as amended, 53 PS §65902(A)(2), requires that the supervisors make available the proposed budget for public inspection at some designated place in the township for a stated period of time, statutory recognition that taxpayers have the right to inspect documents other than at the regular monthly meeting of the supervisors. A reasonable time should be one which takes into account the limitations of time available to the supervisors or the secretary and the requesting citizens as well as the time required for copying or extracting the minute book. Also, it must consider the unique nature of these minute books as the only record of many of the actions taken by the supervisors and the necessity for

safeguarding such record from damage or loss while out of the possession of the supervisors or their clerk if such is necessary to comply with the Act of 1957 and the code. Photography or other duplication process may provide the most useful means of copying requested portions of the minute books but abstracting would require careful study and summarization. These are rights conferred by the Act of 1957 and these rights should not be eroded or rendered meaningless by arbitrary limitations or requirements difficult for compliance.

In Buck Township, possibly uniquely, one supervisor, Frank Hudak, has testified that he would be available to be present at a time and place at which the minute book would be copied. The meetings of the supervisors are held at the municipal building and this would appear to be the place at which the minute book could be initially inspected by Jane Lyons, the appellant. There apparently are no standards governing the inspection of the minute books other than the decision of the chairman of the supervisors from which this appeal has been taken, namely that the minute book can be inspected and copied only at the monthly meeting of the supervisors which this court determines to be an unreasonable limitation upon the right of inspection granted to a taxpayer by the Act of 1957, and

This court, therefore, makes the following

## CONCLUSIONS OF LAW

1. William Shaffer, Chairman of the Board of Supervisors of Buck Township is required by the Act of June 21, 1957, P. L. 390, 65 PS 66.1, et seq., and the Act of February 2, 1966, P. L. 1887, 53 PS §65513, to make available to Jane Lyons, appellant, the minute books of the supervisors of Buck Township for the

years 1972, 1973 and 1974 to date for inspection, and for copying and abstracting at reasonable times.

2. Russell Kresge, one of the auditors of Buck Township, is not the custodian of said minute book and thus is not required to comply with said statutory requirements and this appeal will be dismissed as to him.

3. Restricting examination and opportunity for copying or abstracting the minute books to the time of the monthly meeting of the township supervisors is an unreasonable qualification and limitation on the taxpayer's rights set forth in the statutes referred to in conclusion of law no. 1 above and is not imposed for just and proper cause.

4. The Board of Supervisors of Buck Township has not adopted any rules or procedures for the inspection of the minute book and such rules and procedures would properly be established by said board under its general supervisory powers and the duties outlined in the two statutes referred to in conclusion of law no. 1 above.

5. The appeal of Jane Lyons must be sustained as to William Shaffer and he, as the chairman of the board of supervisors is directed to comply with the statutes referred to in conclusion of law no. 1 above for the inspection, copying and abstracting specifically requested by appellant.

## ORDER

After hearing, the appeal of Jane Lyons from the action of the chairman of the Board of Supervisors of Buck Township restricting her citizen's right to inspect and copy or abstract the minute books of said board of supervisors for the years 1972, 1973 and 1974, to date, hereby is sustained as to William Shaffer and he, as chairman of the board of supervisors, is directed to make available to Jane Lyons for her inspection and

to copy or abstract the same the minute books of said board of township supervisors for the years 1972, 1973 and 1974, to date, at the municipal building of Buck Township or at any other location in Buck Township mutually acceptable to the board of Township Supervisors of Buck Township and Jane Lyons two successive Tuesdays from the hours of 7 p.m. to 9 p.m. from and after the date of this order or at any other day or of time mutually acceptable to the Board of Township Supervisors of Buck Township and Jane Lyons; and further, that if it is necessary to remove said minute book from Buck Township for the purpose of photographing or otherwise duplicating the pages or any of them of said book, the minute book shall be placed in the custody of Supervisor Frank Hudack for this purpose and shall be returned by him to the chairman of said board of township supervisors immediately after said copying process is completed. The appeal of Jane Lyons is dismissed as to Russell Kresge. Each party hereto shall pay his or her own costs.